IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Alan Morrison,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro and Arizona Attorney General,<br><br>    Respondents. | No. CV-06-2509-PHX-ROS<br><br>**ORDER** |

On June 28, 2007, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied (Doc. 20). Both Petitioner and Respondents filed objections. For the following reasons, the Court will adopt in part and amend in part the R&R and deny the Petition for Writ of Habeas Corpus.

**I.  BACKGROUND**

The R&R sets forth the factual background in this case and neither party objected to that background. Thus, the Court adopts the background portion of the R&R as an accurate recital of the history of this case.

**II.  STANDARD**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend

dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." Id. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

**III.    ANALYSIS**

**A.    Ground I**

Petition contends that his Fourteenth Amendment right to due process was violated by the admission of tape-recorded conversations between Petitioner and the victim. Having reviewed the issue *de novo*, the Magistrate Judge properly concluded that Petitioner procedurally defaulted this claim by not fairly presenting it to the state courts in a procedurally correct manner.

**B.    Ground II**

1.    Frye Hearing

Petitioner contends that his Fourteenth Amendment due process right was violated when the trial court admitted expert testimony regarding "child sexual abuse accommodation syndrome" ("CSAAS") without first conducting a Frye hearing.[1] The Magistrate Judge concluded that, although this issue was not procedurally defaulted, it is "not cognizable in the context of a petition seeking federal habeas relief because it raises an issue of state law, rather than federal constitutional law." However, Respondents assert that the Magistrate Judge erred in concluding that Petitioner fairly presented this issue to the Arizona state courts. The Court agrees with Respondents.

---

[1] Arizona follows the Frye rule in determining the admissibility of expert testimony under Ariz. R. Evid. 702. See Logerquist v. McVey, 1 P.3d 113, 134 (Ariz. 2000).

- 2 -

In his petition to the Arizona Court of Appeals, Petitioner argued that the trial court erred in failing to conduct a Frye hearing before admitting expert testimony regarding CSAAS. Petitioner also presented an alternative argument: "However, even if CSAAS and its related testimony is not subject to Frye," such matters should have been "limited to rebuttal testimony, and limited solely to the specific matters that are in dispute in this case." It was in connection with this alternative argument that Petitioner argued before the Arizona Court of Appeals that the "due process right to a fair trial, guaranteed to [Petitioner] under both the United States Constitution, Fifth and Fourteenth Amendments, and Article II, Section 2 and 24 of the Arizona Constitution, require such a limiting instruction." The Court finds that Plaintiff's due process claim is procedurally defaulted. Petitioner did not present to the state court the same constitutional issue that he presents in his habeas petition. See Picard v. Connor, 404 U.S. 270, 275–78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Whether state law requires a Frye hearing before certain expert testimony is admitted is distinct from the due process issue of whether a limiting instruction is required for the use of such evidence. Petitioner did not argue before the Arizona Court of Appeals that the failure to conduct a Frye hearing violated his due process right, nor did Petitioner's habeas petition argue that the failure to give a limiting instruction violated his due process right. Accordingly, the Court finds that Petitioner's claims, that his due process right were violated when the trial court admitted expert testimony regarding CSAAS without first conducting a Frye hearing or giving a limiting instruction, are procedurally defaulted.

2. Postponed Cross-Examination of Expert

Petitioner also asserts that his Fourteenth Amendment due process right was violated when the trial court postponed cross-examination of the expert until after one of the victims had testified. The Magistrate Judge concluded that Petitioner had exhausted this claim, but ultimately decided against Petitioner on the merits. Respondents argue that the Magistrate Judge erred in finding that Petitioner had exhausted this claim.

1  Petitioner's only mention of this claim to the Arizona Court of Appeals was in a
2  footnote:

3  "Notably, [the expert] testified on behalf of the State, but was unavailable for
4  immediate cross-examination.  Thus, the State was able to begin its direct
5  examination of one of the victims, Gina Burt, without the jury having heard the
6  cross-examination."

7  The Court agrees with the recommendation of the Magistrate Judge because it was a cautious
8  approach.  Nevertheless, on the face, it does not appear that Petitioner exhausted this claim
9  in state court—Petitioner never alleged that this procedure was an error, let alone a federal
10 due process error.

11              3.      Cross-Examination of Expert Motivation

12 In addition, Petitioner argues that his Fourteenth Amendment due process right was
13 violated when the trial court precluded cross-examination of the expert witness as to his
14 motive and bias for testifying on behalf of the prosecution.  In his opening brief to the
15 Arizona Court of Appeals, Petitioner argued that his "confrontation rights under the Sixth
16 Amendment of the United States Constitution" were violated when he was precluded from
17 asking the expert witness about his past relationship with a Maricopa County Attorney's
18 Office sex crimes prosecutor.  Respondents claim that Petitioner's claim is procedurally
19 defaulted because he only presented a violation of his Sixth Amendment right to the Arizona
20 Court of Appeals, not a violation of his Fourteenth Amendment right.

21 However, "the Sixth Amendment's right of an accused to confront the witnesses
22 against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth
23 Amendment." Pointer v. Texas, 380 U.S. 400, 403 (1965). Respondents concedes that "[t]he
24 substance of [the Sixth Amendment] claim mirrors that raised in the instant petition for
25 habeas corpus."  Accordingly, the Court views the Petition as asserting a violation of the
26 Sixth Amendment as incorporated by the Due Process Clause.  The Magistrate Judge
27 properly concluded that Petitioner exhausted his Sixth Amendment confrontation right claim
28

- 4 -

1 in state court and that the Arizona Court of Appeals did not err in concluding Petitioner's
2 federal constitutional rights were not violated in this regard.

### C. Ground III

Petitioner alleges that his Fourteenth Amendment due process right was violated when the trial court precluded him from admitting the following items: (1) a statement by Captain Sward, (2) recorded telephone calls between Michael and Shelly Santillo, (3) the "Covey Mission" diary, (4) a "thank you" letter, and (5) a TLC compact disk. The Magistrate Judge explained that "Respondents do not argue this claim was not properly exhausted in the Arizona state courts." However, while Respondents conceded that items 1, 3, 4, and 5 were properly exhausted in state court (Resp. at 28), Respondents specifically argued that item 2 was not properly exhausted (Resp. at 19–21). For the reasons stated in Respondents' Response Brief, the Court finds that Petitioner's due process claim regarding item 2 was not properly exhausted. Nevertheless, the Magistrate Judge properly concluded that the Arizona courts' decisions that the exclusion of items 1, 3, 4, and 5 was cumulative and not a violation of Petitioner's due process right were not clearly contrary to established federal law.

### D. Ground IV

Petitioner alleges that he was denied his right to due process because the trial court did not declare a mistrial after references were made in the trial regarding other, uncharged bad acts. Having reviewed the issue *de novo*, the Magistrate Judge properly concluded that this claim is procedurally defaulted.

### E. Ground V

Petitioner contends that his Fourth Amendment right was violated by the admission of a tape-recorded telephone conversation. The Magistrate Judge properly concluded that Petitioner's Fourth Amendment claim is not cognizable in an action for federal habeas relief because he had the opportunity to litigate this claim in the state courts. See Stone v. Powell, 428 U.S. 465, 494 (1976).

In his Traverse, Petitioner explained that he was trying to assert an ineffective assistance of counsel claim based on deficient representation of this Fourth Amendment

- 5 -

1  issue. The Magistrate Judge analyzed this issue and concluded that "[t]he Arizona Court of
2  Appeals' decision that Petitioner's right to the effective assistance of counsel was not
3  violated was not clearly contrary to established federal law." Nevertheless, Respondents
4  object to the Magistrate Judge's analysis of this issue because Petitioner only raised the Sixth
5  Amendment ineffective assistance of counsel claim in his Traverse, not in his Petition for
6  Writ of Habeas Corpus.

7  In Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), the court explained:
8  "A Traverse is not the proper pleading to raise additional grounds for relief. In order for the
9  State to be properly advised of additional claims, they should be presented in an amended
10 petition or, as ordered in this case, in a statement of additional grounds. Then the State can
11 answer and the action can proceed." However, in Cacoperdo, the district court twice ordered
12 the pro se habeas petitioner to file an amended petition and specifically called his attention
13 to a possible additional claim raised in the traverse. Id.

14 Here, the Magistrate Judge should have called Petitioner's attention to the possible
15 additional claim raised in his Traverse and allowed him to file an amended petition.
16 Nevertheless, the Magistrate Judge's error was harmless. Although the Magistrate did not
17 give Petitioner a formal opportunity to amend his petition, the Magistrate Judge construed
18 Petitioner's habeas claim as asserting a Sixth Amendment ineffective assistance claim. See
19 Brown v. Roe, 279 F.3d 742, 746 (9th Cir. 2002) ("Pro se habeas petitioners are to be
20 afforded the benefit of any doubt . . . .") (internal quotations omitted); United States v.
21 Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005) ("Pro se habeas petitioners cannot be
22 held to the same standard as petitioners represented by counsel."). After thoroughly
23 reviewing Petitioner's ineffective assistance claim, the Magistrate concluded that "the
24 Arizona Court of Appeals' decision that Petitioner was not deprived of the effective
25 assistance of counsel was not an unreasonable application of federal law nor clearly contrary
26 to federal law and Petitioner is not entitled to habeas relief based on this claim." Based upon
27 a *de novo* review of the record, this Court agrees.

28 Accordingly,

1 **IT IS ORDERED** the Report and Recommendation (Doc. 20) is **ADOPTED IN PART** and **AMENDED IN PART** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** Petitioner's Request for Verification of Receipt of Respondents Objections to Magistrates Report and Recommendation (Doc. 26) is **DENIED**.[2]

DATED this 28th day of November, 2007.

_____
Roslyn O. Silver
United States District Judge

---

[2] The Court reviewed and considered Petitioner's Objection to Magistrate's Report and Recommendation (Doc. 24).